IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


UNITED STATES OF AMERICA,

v.   CASE NO. 5:14cr30-RH

EON L. MENCKEBERG,

      Defendant.

_____/


**ORDER REJECTING MATERIALS SUBMITTED BY A
STRANGER TO THE CASE BUT DIRECTING THE
<u>CLERK TO MAINTAIN THE MATERIALS UNDER SEAL</u>**

      A grand jury indicted the defendant Eon L. Menckeberg on six counts of wire fraud. The charges arose from Mr. Menckeberg's false representations to a hospital that he had insurance coverage. Mr. Menckeberg made the false representations in connection with this effort to obtain substantial, nonemergent care at the hospital. In reliance on the false representations, the hospital provided the care. The hospital's charges, roughly half a million dollars, remain unpaid.

The evidence of Mr. Menckeberg's guilt was overwhelming.  Mr. Menckeberg sent emails in which he claimed to have coverage.  But he had no coverage.  There is no contrary evidence.

Mr. Menckeberg insisted on representing himself.  After a colloquy in which I fully advised Mr. Menckeberg of his rights and discouraged him from representing himself, I determined that Mr. Menckeberg was competent to make this decision, and I allowed him to represent himself.  *See Faretta v. California*, 422 U.S. 806 (1975) (holding that a defendant has a right to represent himself if competent to do so).  Stand-by counsel was appointed and was available to consult with Mr. Menckeberg when requested.

After a full and fair trial—or a trial as fair as it could be with a defendant representing himself—the jury convicted Mr. Menckeberg on all six counts.  The result was not surprising.  To this date, Mr. Menckeberg has suggested no plausible defense to the charges.

 Mr. Menckeberg is awaiting sentencing.  He is detained.  His daughter has submitted a letter to the judge asking that he be transferred to a different facility so that he can receive appropriate medical care.  And Mr. Menckeberg's daughter has submitted a motion for a new trial.

These submissions do not comply with the court's rules.  First, a nonparty who is not an attorney cannot properly file papers on behalf of another person.  Mr.

Menckeberg has chosen to represent himself.  He can submit papers on his own behalf.  But a layperson, even a daughter, cannot submit papers on Mr. Menckeberg's behalf.

Second, a request for action by the court may be submitted only by a motion in the form required by Local Rule 5.1.  These submissions do not conform to that rule.

Third, the motion includes personal identifiers and other private information of jurors.  Thus, for example, the motion includes a copy of a juror's driver's license, including the juror's unredacted date of birth.  This violates Federal Rule of Civil Procedure 5.2.

Because these materials have been submitted by a nonparty, they will not be considered or deemed part of the record.  This order directs the clerk to file the materials under seal solely for the purpose of showing what was tendered but not accepted for filing.

For these reasons,

IT IS ORDERED:

The clerk must maintain under seal the letter and purported motion, with attachments, tendered by Mr. Menckeberg's daughter.  Mr. Menckeberg and the government's attorney may have access to the materials.  For administrative convenience, the materials will be maintained in the electronic case file.  But the

materials are not deemed filed and are not considered part of the record. No other action will be taken on the materials.

SO ORDERED on March 2, 2016.

s/Robert L. Hinkle  
United States District Judge