UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                              Case Nos.:   5:14cr30/RH/CJK
                                                             5:17cv1/RH/CJK

EON L. MENCKEBERG
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon the Government's Notice of Deportation of Defendant from the United States.   (ECF No. 147).   The Government states that Defendant Menckeberg was removed from the United States to his native Suriname on or about February 28, 2018, which was less than three weeks after Defendant filed a notice requesting an update on the status of his § 2255 motion.   (*See* ECF No. 143).   Over five weeks have passed since Defendant was deported, and the court has not received any communication from Defendant, such as an updated address.   After review of the record, it is the opinion of the undersigned that Defendant's pending amended § 2255 motion (ECF No. 123) is without merit and should be denied.

## BACKGROUND

Eon L. Menckeberg was convicted after a jury trial of six counts of wire fraud. The charges arose from six electronic communications between Defendant Menckeberg and others regarding his (fictitious) health insurance coverage. As a result of multiple fraudulent misrepresentations to two health care providers, Defendant received medical care, including multiple surgeries and hyperbaric treatment, valued at over $300,000. Defendant represented himself at trial, assisted by stand-by counsel William Bubsey, who represented him at sentencing.

Defendant's Presentence Investigation Report ("PSR") calculated a total offense level of 21 and a criminal history category of I. (ECF No. 90). The applicable guidelines range was 37 to 46 months. At sentencing the court heard evidence in mitigation as well as argument concerning the weight that should be given to Menckeberg's status in the United States as an illegal alien subject to removal since 1986 and his false statements to probation about his immigration status. After weighing all the § 3553 factors, the court imposed a below-guidelines sentence of 24 months imprisonment and ordered Defendant to pay restitution in the amount of $390,319.88. (ECF Nos. 93, 115).

Defendant filed a notice of appeal, followed by a motion to vacate pursuant to 28 U.S.C. § 2255.   (ECF Nos. 95, 109).   The district court dismissed the latter motion without prejudice due to the pendency of the direct appeal.   (ECF No. 110). Menckeberg later voluntarily dismissed his appeal to proceed with a *pro se* motion under 28 U.S.C. § 2255.   (ECF No. 120).

As is obvious by his deportation, Defendant has served the custodial portion of his sentence.   If a litigant is in custody when he files his § 2255 motion, as Menckeberg was (ECF Nos. 121, 123), his release does not render the motion moot. Whether collateral consequences of the conviction remain after Defendant's deportation (which is unrelated to the instant criminal proceedings) is an open question.   Defense counsel indicated at sentencing that Defendant would be leaving the country and he had "no desire to come back here."   (ECF No. 115 at 39).   His post-sentencing actions do not support that statement.   Typically, if the court is presented with a case where the litigant has ceased communication with the court and has not provided a current address, the case is dismissed without prejudice.   In this case, as recently as February of 2018, just weeks before his deportation, Menckeberg expressed that he did not intend to withdraw his motion.   (ECF No. 143).   The court has thus conducted a merits review of the record, following which

it concludes that the motion should be denied and dismissed because Defendant's claims do not entitle him to relief.

## ANALYSIS

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). The grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ." The district court's comments

at sentencing make clear that Defendant does not have a viable claim of actual innocence.   (ECF No. 115 at 7-8; 43-44).

Furthermore, because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (*quoting Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance

Case Nos.: 5:14cr30/RH/CJK; 5:17cv1/RH/CJK

of counsel can constitute cause.    *See Nyhuis*, 211 F.3d at 1344.    Defendant served

as his own attorney during trial, and he does not allege ineffective assistance of

counsel herein.

Menckeberg divides his claims into four grounds for relief, some with

multiple subparts.    Without exception, his claims are procedurally barred or not

cognizable under 28 U.S.C. § 2255.

Ground One, labeled "constitutional errors," alleges that The Northwest

Florida Community Hospital lacks legal standing or authority to claim a loss on

behalf of its tenant, The Wound Healing Institute of Chipley and it is not entitled to

restitution.    (ECF No. 123 at 4).    This is not a constitutional claim, but rather a

challenge to the restitution order.    As such, it is not cognizable under section 2255.

*Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) (holding that a claim

challenging restitution is not authorized under section 2255, even if the litigant

simultaneously brings a claim seeking release from custody).

Ground Two is labeled "judicial errors."    This ground contains seven

assertions of error.    Two claims, Errors 1 and 2, relate to alleged errors in the

guidelines calculations.    First, Menckeberg complains that the 12-point guidelines

enhancement for the loss to the medical providers was "improperly padded" and in

Case Nos.: 5:14cr30/RH/CJK; 5:17cv1/RH/CJK

conflict with testimony at trial.    Second, he asserts that the obstruction of justice enhancement should not have applied to his case.    These guidelines objections are non-constitutional errors that could have been raised at trial or on appeal, and they are not cognizable on collateral review.    The same flaw is fatal to the claim identified as Error 6, that Defendant had insufficient time to review the PSR because it was not timely provided to him.

Defendant complains as Error 5 that his speedy trial waiver was invalid because he signed it merely out of courtesy to then-counsel.    The speedy trial claim is procedurally barred and meritless.    There were multiple requests for a continuance, and the court found that the ends of justice served by granting the continuance requested by the Defendant outweighed the interests of the public and the Defendant in a speedy trial.    (ECF Nos. 18, 23, 26).    In fact, Menckeberg himself sought a five to six month continuance at one point.    (ECF No. 41).

Menckeberg claims as Error 7 that the Government withheld discovery material, specifically copies of warrants or subpoenas to AOL and YAHOO so he could have his experts confirm that proper protocol was followed.    Again, Defendant did not raise this issue at trial.    The Government frames this claim as a belated challenge to the introduction of business records, involving email account

information that was introduced at trial.    The admissibility of evidence at trial is not cognizable in a section 2255 motion, even had Defendant objected, which he did not.    Furthermore, the Government notes that Defendant was provided with certificates of regularly conducted activity before trial, giving him notice of the opportunity to challenge the records, which, again, he did not do.

Finally, Menckeberg raises two claims of error related to the restitution portion of the court's order.    As noted above, a challenge to restitution is not cognizable under section 2255, even if the defendant simultaneously raises claims seeking release from custody.    *Mamone*, 559 F.3d at 1211.

Ground Three contains two claims of prosecutorial misconduct. Menckeberg alleges that the Government questioned its star witness in a manner designed to suggest untrue facts to the jury, and asked her about an exhibit that was never introduced at trial.    The witness testified she had never seen the exhibit before the prosecutor showed it to her the previous day, and, thus, she could neither authenticate it nor provide a basis for its introduction.    (ECF No. 74 at 173). Defendant also complains that counsel for the Government and attorney Bubsey engaged in "improper and unprofessional conduct" by discussing his private and

intimate romantic encounters.    Neither claim suggests any basis for section 2255 relief.

Ground Four identifies two alleged "trial errors."    (ECF No. 123 at 18). First, Menckeberg asserts that the court erred in permitting a juror to remain on the panel after the juror stated that she would probably recognize two Government witnesses, and one might recognize her.    Menckeberg raised juror bias as a focal point of his motion for a new trial.    (ECF No. 78).    Defendant, however, never pursued the denial of this motion on appeal, and the issue is not appropriately before this court.    Second, he contends that the court erred in changing the standard jury instruction.    Menckeberg did not object at trial, and the claim is procedurally barred.    However, it appears that Defendant misunderstood the comments of the trial court.    The court explained that the reason he amends the standard jury instructions is to tailor the instructions to the facts of a particular case and ensure a fair trial.    (ECF No. 74 at 248).    In fact, the Government actually requested that more of the "standard" language be included.    Finally, when the court asked if Menckeberg had any problems with the jury instructions, he responded "Nothing about that." (ECF No. 74 at 248).

## CONCLUSION

For all of the foregoing reasons, the Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.    Nor has he shown that an evidentiary hearing is warranted prior to making that determination.    Defendant's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that [t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.    Rule 11(b), Rules Governing Section 2255 Cases.

A review of the record evidences no substantial showing of the denial of a constitutional right.    28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).    Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 5:14cr30/RH/CJK; 5:17cv1/RH/CJK

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The amended motion to vacate, set aside, or correct sentence (ECF No. 123) be DENIED.

2.   A certificate of appealability be DENIED.

At Pensacola, Florida, this 6th day of April, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


Case Nos.: 5:14cr30/RH/CJK; 5:17cv1/RH/CJK

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <ins>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</ins>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 5:14cr30/RH/CJK; 5:17cv1/RH/CJK