IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 5:14cr30-RH/CJK
 5:17cv1-RH/CJK

EON L. MENCKEBERG,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND
## DENYING A CERTIFICATE OF APPEALABILITY

After a full and fair trial—as fair as could be provided to a defendant who chose to represent himself—the jury convicted the defendant Eon L. Menckeberg on six counts of mail fraud. The convictions arose from Mr. Menckeberg's false representations to medical providers that he had insurance coverage when in fact he did not. The evidence of the fraud was overwhelming.

Mr. Menckeberg has moved for relief under 28 U.S.C. § 2255. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 148, and the objections, ECF No. 149. I have reviewed de novo the issues raised by the objections. This order accepts the report and recommendation, adopts it as the court's opinion, and denies the § 2255 motion.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Menckeberg has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1.  The clerk must enter a judgment stating, "The defendant Eon L. Menckeberg's motion for relief under 28 U.S.C. § 2255 is denied."

2.  A certificate of appealability is denied.

SO ORDERED on April 28, 2018.

s/Robert L. Hinkle<br>
United States District Judge